The Honorable Ned R. Price, Chairman Arkansas Oil and Gas Commission 2215 Hillsboro P.O. Box 1472 El Dorado, Arkansas 71731-1472
Dear Chairman Price:
You have requested an Attorney General opinion[1] concerning certain municipal ordinances. You indicate that two cities of the second class in Arkansas have recently enacted ordinances that purport to restrict the mining and drilling of oil and gas wells within city limits, and that require permits from the city to engage in such activities. The ordinances also impose penalties for violations. You note that these ordinances appear to conflict with the jurisdiction of the Oil and Gas Commission. Accordingly, you have asked:
 Do cities of the second class have the authority to enact ordinances regulating the mining and drilling of oil and gas wells within the city limits?
It is my opinion that cities of the second class can enact ordinances regulating the mining and drilling of oil and gas wells within the city limits, but only if the ordinances do not conflict with state law or with any requirement of the Oil and Gas Commission, and only if the ordinances are not less stringent than state law or any requirement of the Oil and Gas Commission.[2]
Cities of the second class are empowered to regulate matters related to municipal affairs (see A.C.A. § 14-42-307), including matters of public health, welfare, and safety (see A.C.A. § 14-54-103 and -105), and including matters related to the regulation of the use of property within the city limits (see, e.g., A.C.A. § 14-54-501, -601, and -901; A.C.A. §14-56-301). These various grants of power to municipalities to regulate matters related to municipal affairs are broad enough to encompass regulations concerning oil and gas drilling.
Nevertheless, these cities are prohibited by state law from enacting any ordinance that is inconsistent with or contrary to state law. Article12, § 4 of the Arkansas Constitution states: "No municipal corporation shall be authorized to pass any law contrary to the general laws of the state. . . ." Accord, A.C.A. §§ 14-42-307 (cities can exercise all powers conferred by state law that are "not contrary" to state law); 14-54-101
(cities can exercise powers that are "not inconsistent" with the general laws of the state); 14-55-101 (cities can enact ordinances that are "not inconsistent with the laws of the state").
State law grants the Oil and Gas Commission extensive and detailed authority to regulate matters relating to oil and gas drilling, including the authority to grant permits for drilling and the authority to make rules and regulations governing the various aspects of such activities. For a detailed listing of the Commission's powers and duties with regard to these matters, see A.C.A. § 15-71-110. State law also establishes numerous requirements regarding these matters and sets forth penalties for violations. See 15-72-101 et seq.
Because of the breadth and detailed extent of the regulatory power given to the Oil and Gas Commission by state law, it is my opinion that the primary authority to regulate in the field of oil and gas matters belongs to the Commission. Accordingly, if a municipality exercises its regulatory powers pursuant to the statutes cited previously, it must do so in a manner that is consistent with the Commission's authority. In my opinion, a local ordinance that is less stringent than the requirements of state law and the rules and regulations of the Commission would be inconsistent with and contrary to authority of the Commission. It would therefore be contrary to state law, and thus violative of the Arkansas Constitution.
However, a local ordinance that attempts to regulate oil and gas drilling through regulations and other requirements that are more stringent than state law would be constitutionally permissible (provided that the ordinance and any rules and regulations enacted thereunder are otherwise consistent with state law and the rules and regulations of the Commission).
For the foregoing reasons, I conclude that cities of the second class can enact ordinances that regulate the mining and drilling of oil and gas wells within the city limits, but only if the ordinances are consistent with state law and the rules and regulations of the Oil and Gas Commission, and only if the ordinances are not less stringent than state law or any requirement of the Oil and Gas Commission
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Your opinion request was actually submitted by the Director of the Oil and Gas Commission, pursuant to your direction. I have addressed my response to you rather than to the Director, in accordance with the requirements of A.C.A. § 25-16-706.
[2] You have inquired about cities of the second class only. However, because the constitutional authority upon which my opinion is based is applicable to all municipalities, my conclusion would be the same with regard to cities of the first class and incorporated towns.